**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Nusrath Iqbal, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| INTEGRA STAFFING SERVICES | ) | Magistrate |
| INC., an Illinois corporation; JAWED | ) | |
| MOHAMMED, an individual; EXPERT | ) | |
| MEDICAL GROUP S.C., an Illinois | ) | |
| corporation; and AKBER KHAN, an | ) | |
| individual. | ) | |
| Defendant(s) | ) | |
| . | | |

**<u>COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OTHER RELEIF</u>**

NOW COMES the Plaintiff, NUSRATH IQBAL, by and through her attorneys, SWEIS LAW FIRM, P.C. complaining of Defendants, INTEGRA STAFFING SERVICES INC., JAWED MOHAMMED, EXPERT MEDICAL GROUP S.C., and AKBER KHAN, stating as follows:

**<u>JURISDICTION</u>**

1.     This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).  Venue in this District is proper because Defendants do business in this District.

**<u>PARTIES</u>**

2.     Plaintiff, NUSRATH IQBAL, is an individual who resides in Skokie, Illinois.

3.     Defendant, INTEGRA STAFFING SERVICES INC. ("Integra"), is an Illinois Corporation that does business in Illinois.  It maintains an office at 136 W Higgins Road, Hoffman Estates, Illinois 60169.

4.     Defendant, JAWED MOHAMMED ("Mohammed"), is an individual. Upon information and belief, Defendant Mohammed lives and resides in Cook County, Illinois.

5.     Defendant, EXPERT MEDICAL GROUP S.C. ("Expert Medical"), is an Illinois Corporation that does business in Illinois.  It maintains an office at 136 W Higgins Road, Hoffman Estates, Illinois 60169.

6.     Defendant, AKBER KHAN ("Khan"), is an individual. Upon information and belief, Defendant Mohammed lives and resides in Cook County, Illinois.

## FACTS

7.     Defendant Integra is a staffing agency which provided staffing services to Defendant Expert Medical in the years 2016 and 2017.

8.     Defendant Mohammed is and was, at all times relevant to this lawsuit, the owner and president of Integra.

9.     Defendant Khan is and was, at all times relevant to this lawsuit, the owner and president of Expert Medical.

10.    On or about November 6, 2016, Plaintiff was hired by Defendant Integra to work as a Billing Supervisor at Ascot Diagnostic Services.

11.    Defendant Khan was an active participant in Integra's hiring of Plaintiff, in that he participated in employment term negotiations with Plaintiff and made the recommendation to Integra that it should hire Plaintiff to provide staffing services for one of his companies, Ascot Diagnostic Services, Inc.

2

12.     The terms of Plaintiff's employment were negotiated and finalized via text messages with Defendant Khan on or about November 6, 2016.

13.     Pursuant to the terms of Plaintiff's employment agreement with Defendant Integra, Plaintiff was to be a W-2 employee, was to be paid at the rate of $22 per hour, and was to receive health insurance benefits as well as reimbursement for travel expenses.

14.     Pursuant to the terms of Plaintiff's employment agreement with Defendant Integra, she was to be paid on a bi-weekly basis.

15.     During Plaintiff's employment with Defendant Integra, her services were contracted out to Defendant Khan's companies, Ascot Diagnostic Services and Defendant Integra. Plaintiff received her day-to-day tasks from Khan and her work was supervised and evaluated by Khan.

16.     During Plaintiff's employment with Defendant Integra, Plaintiff was also supervised by Defendant Mohammed in that she reported directly to Mohammed, received instructions related to her employment from Mohammed, and her bi-weekly paychecks were issued by Mohammed.

17.     Beginning in late January of 2017, Plaintiff stopped receiving timely paychecks from Integra.

18.     After Plaintiff did not receive a timely paycheck for the January 15 – 31, 2017 pay period, she continued to work for Integra as a Billing Supervisor for Defendant Khan based on assurances from Defendant Mohammed that her paychecks would be forthcoming.

19.     In January 2017, Defendant Khan informed Plaintiff that he was outsourcing the billing operations for Ascot Diagnostic Services, Inc. and instructed her that she would henceforth be responsible for supervising billing operations at one of his other companies, Expert Medical Group, S.C.

20.     In early February 2017, at the direction of Defendant Khan, Plaintiff transferred to the Expert Medical Group, S.C. office and continued performing her work as billing supervisor for that company.

21.     Plaintiff did not receive a timely paycheck for the February 1– 15, 2017 pay period.

22.     Plaintiff received a paycheck from Defendant Integra for the January 15 – 31, 2017 pay period on or about February 22, 2017.

23.     Subsequent to February 22, 2017, Plaintiff received assurances from Defendant Mohammed that her past due payments were forthcoming and that she would continue to be paid for her work.

24.     Subsequent to February 22, 2017, Plaintiff received no further paychecks from Integra or any other party.

25.     Based on assurances from Defendant Mohammed that she would continue to be paid by Integra, Plaintiff continued working under the direction of Defendant Khan as a billing supervisor at Expert Medical until May 8, 2017.

26.     On May 8, 2017, Plaintiff quit her position at Integra and ceased working as a Billing Supervisor at Expert Medical due to the fact that she had not received payment for any of the work she performed since February 1, 2017.

27.     Prior to May 8, 2017, Plaintiff made weekly requests for payment to Integra via conversations with Defendant Mohammed.

28.     On May 8, 2017, Plaintiff spoke to Defendant Khan and requested payment for the work she had done since February 1, 2017. Defendant Khan flat refused to pay Plaintiff. Defendant Khan told Plaintiff that she would not be paid because the company had not been making money.

4

29.     During the Plaintiff's conversation with Defendant Khan on May 8, 2017, Defendant Khan shouted and directed verbal abuse toward Plaintiff.

30.     Defendant Integra was aware that Plaintiff not paid for her work in the months of February through May of 2017.

31.     As Plaintiff's employer, Defendant Integra had a duty to pay Plaintiff according to the terms of her employment agreement.

32.     Defendant Mohammed was aware that Plaintiff not paid for her work in the months of February through May of 2017.

33.     As president of Integra and as Plaintiff's direct supervisor, Defendant Mohammed had a duty to ensure that Plaintiff was paid according to the terms of her employment agreement.

34.     Defendant Expert Medical was aware that Plaintiff not paid for her work in the months of February through May of 2017.

35.     Defendant Expert Medical had a duty to ensure that Plaintiff was paid according to the terms of her employment agreement.

36.     Defendant Khan was aware that Plaintiff not paid for her work in the months of February through May of 2017.

37.     As president of Expert Medical and as Plaintiff's supervisor, Defendant Khan had a duty to ensure that Plaintiff was paid according to the terms of her employment agreement.

38.     Plaintiff has gone unpaid for a period of more than ten months.

39.     Plaintiff's unpaid wages are as follows:

   a)  February 1, 2017 through February 15, 2017: **$1,831.94** for 83.27 hours work

   b)  February 16, 2017 through February 28, 2017: **$1,527.68** for 69.44 hours work

   c)  March 1, 2017 through March 15, 2017: **$1,622.94** for 73.77 hours work

   d)  March 16, 2017 through March 31, 2017: **$1,749.00** for 79.5 hours work

e) April 1, 2017 through April 15, 2017: **$1,067.22** for 48.51 hours work

f) April 16, 2017 through April 30, 2017: **$1,254.44** for 57.02 hours work

g) May 1, 2017 through May 15, 2017: **$880.00** for 40 hours of work

40. The total balance of unpaid wages owed to Plaintiff is not less than **$9,933.22**.

## COUNT I
**Nusrath v. Integra Staffing**
**Violation of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)**

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. The Fair Labor Standards Act (hereinafter "FLSA") defines "employer" as follows:

"Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S. Code § 203(d).

43. Subject to few exceptions, FLSA defines "employee" broadly to include "any individual employed by an employer." 29 U.S. Code § 203(e)(1).

44. Defendant Integra Staffing Services, Inc. ("Integra") qualified as an employer of Plaintiff in that it was a person acting in the interest of an employer in relation to Plaintiff as employee.

45. Section 206(a) of the FLSA states in relevant part that:

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
(1)     except as otherwise provided in this section, not less than—
. . . .
(C) $7.25 an hour . . . .

29 U.S. Code § 206(a)(1)(C).

46. Plaintiff worked a total of 451.51 hours for Defendant Integra between February 1, 2017 and May 15, 2017.

47. Section 207(a)(1) of the FLSA states in relevant part that:

6

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S. Code § 207(a)(1).

48.     During her employment by Defendant Integra Plaintiff worked more than forty hours per

work week.

49.     Defendant Integra violated the FLSA in the following ways:

a.      Defendant failed to pay Plaintiff at or above the rate of $7.25 per hour between February

1, 2017 and May 15, 2017.

b.      Defendant failed to compensate Plaintiff at an hourly pay rate of not less than one and

one-half times regular rate for the hours Plaintiff worked in excess of 40-hours per week between

February 1, 2017 and May 15, 2017.

50.     Section 216(b) of the FLSA provides in relevant part that:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.
. . . .
An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.
. . . .
The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S. Code § 216(b).

51.     As the result of Defendant Integra's actions, Plaintiff has suffered damages in the form of

unpaid wages, expenses incurred while commuting to work, and attorney fees and costs

associated with filing this action.

52.     As a direct result of the Defendant's actions, Plaintiff has been forced to retain counsel

and file this action.

WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, INTEGRA STAFFING SERVICES INC., award Plaintiff actual damages, award Plaintiff statutory damages, award Plaintiff her costs of suit and litigation expenses and reasonable attorney's fees and any further relief this Honorable Court deems just and proper.

## COUNT II
### Nusrath v. Mohammed
### Violation of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)

53. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

54. The Fair Labor Standards Act (hereinafter "FLSA") defines "employer" as follows:

"Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S. Code § 203(d).

55. Subject to few exceptions, FLSA defines "employee" broadly to include "any individual employed by an employer." 29 U.S. Code § 203(e)(1).

56. Defendant Jawed Mohammed ("Mohammed") qualified as an employer of Plaintiff in that he was a person acting in the interest of her employer Integra in relation to Plaintiff as employee.

57. Section 206(a) of the FLSA states in relevant part that:

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
(2)      except as otherwise provided in this section, not less than—
. . . .
(C) $7.25 an hour . . . .

29 U.S. Code § 206(a)(1)(C).

58.     Plaintiff worked a total of 451.51 hours for Integra under the supervision of Defendant

Mohammed between February 1, 2017 and May 15, 2017.

59.     Section 207(a)(1) of the FLSA states in relevant part that:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S. Code § 207(a)(1).

60.     During her employment and under the supervision of Defendant Mohammed Plaintiff

worked more than forty hours per work week.

61.     Defendant Mohammed violated the FLSA in the following ways:

a.      Defendant failed to pay Plaintiff at or above the rate of $7.25 per hour

between February 1, 2017 and May 15, 2017.

b.      Defendant failed to compensate Plaintiff at an hourly pay rate of not less

than one and one-half times regular rate for the hours Plaintiff worked in excess

of 40-hours per week between February 1, 2017 and May 15, 2017.

62.     Section 216(b) of the FLSA provides in relevant part that:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.
> . . . .
> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.
> . . . .
> The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S. Code § 216(b).

9

63.     As the result of Defendant Mohammed's actions, Plaintiff has suffered damages in the form of unpaid wages, expenses incurred while commuting to work, and attorney fees and costs associated with filing this action.

64.     As a direct result of the Defendant's actions, Plaintiff has been forced to retain counsel and file this action.

WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, JAWED MOHAMMED, award Plaintiff actual damages, award Plaintiff statutory damages, award Plaintiff her costs of suit and litigation expenses and reasonable attorney's fees and any further relief this Honorable Court deems just and proper.

## COUNT III
### Nusrath v. Expert Medical
### Violation of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)

65.     Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

66.     The Fair Labor Standards Act (hereinafter "FLSA") defines "employer" as follows:

"Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S. Code § 203(d).

67.     Subject to few exceptions, FLSA defines "employee" broadly to include "any individual employed by an employer." 29 U.S. Code § 203(e)(1).

68.     Defendant Expert Medical Group S.C. qualified as an employer of Plaintiff in that it was a person acting in the interest of an employer in relation to Plaintiff as employee.

69.     Section 206(a) of the FLSA states in relevant part that:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
>     (3)  except as otherwise provided in this section, not less than—
> . . . .
> (C) $7.25 an hour . . . .

29 U.S. Code § 206(a)(1)(C).

70.    Plaintiff worked a total of 451.51 hours under the supervision of Defendant Expert

Medical between February 1, 2017 and May 15, 2017.

71.    Section 207(a)(1) of the FLSA states in relevant part that:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S. Code § 207(a)(1).

72.    During her employment and while under the supervision of Defendant Expert Medical,

Plaintiff worked more than forty hours per work week.

    73.    Defendant Expert Medical violated the FLSA in the following ways:

    a.    Defendant failed to pay Plaintiff at or above the rate of $7.25 per hour

between February 1, 2017 and May 15, 2017.

    b.    Defendant failed to compensate Plaintiff at an hourly pay rate of not less

than one and one-half times regular rate for the hours Plaintiff worked in excess

of 40-hours per week between February 1, 2017 and May 15, 2017.

74.    Section 216(b) of the FLSA provides in relevant part that:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.
> . . . .
> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.
> . . . .

> The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S. Code § 216(b).

75. As the result of Defendant Expert Medical's actions, Plaintiff has suffered damages in the form of unpaid wages, expenses incurred while commuting to work, and attorney fees and costs associated with filing this action.

76. As a direct result of the Defendant's actions, Plaintiff has been forced to retain counsel and file this action.

WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, EXPERT MEDICAL GROUP S.C., award Plaintiff actual damages, award Plaintiff statutory damages, award Plaintiff her costs of suit and litigation expenses and reasonable attorney's fees and any further relief this Honorable Court deems just and proper.

### COUNT IV
### Nusrath v. Khan
### Violation of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)

77. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

78. The Fair Labor Standards Act (hereinafter "FLSA") defines "employer" as follows:

> "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S. Code § 203(d).

79. Subject to few exceptions, FLSA defines "employee" broadly to include "any individual employed by an employer." 29 U.S. Code § 203(e)(1).

80. Defendant Akber Khan ("Khan") qualified as an employer of Plaintiff in that he was a person acting in the interest of an employer in relation to Plaintiff as employee.

81. Section 206(a) of the FLSA states in relevant part that:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
>     (4)  except as otherwise provided in this section, not less than—
> . . . .
> (C) $7.25 an hour . . . .

29 U.S. Code § 206(a)(1)(C).

82.     Plaintiff worked a total of 451.51 hours under the supervision of Defendant Khan

between February 1, 2017 and May 15, 2017.

83.     Section 207(a)(1) of the FLSA states in relevant part that:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S. Code § 207(a)(1).

84.     During her employment and under the supervision of Defendant Khan Plaintiff worked

more than forty hours per work week.

85.     Defendant Khan violated the FLSA in the following ways:

a.      Defendant failed to pay Plaintiff at or above the rate of $7.25 per hour

between February 1, 2017 and May 15, 2017.

b.      Defendant failed to compensate Plaintiff at an hourly pay rate of not less

than one and one-half times regular rate for the hours Plaintiff worked in excess

of 40-hours per week between February 1, 2017 and May 15, 2017.

86.     Section 216(b) of the FLSA provides in relevant part that:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.
> . . . .
> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.
> . . . .

> The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S. Code § 216(b).

87.     As the result of Defendant Khan's actions, Plaintiff has suffered damages in the form of unpaid wages, expenses incurred while commuting to work, and attorney fees and costs associated with filing this action.

88.     As a direct result of the Defendant's actions, Plaintiff has been forced to retain counsel and file this action.

        WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, AKBER KHAN, award Plaintiff actual damages, award Plaintiff statutory damages, award Plaintiff her costs of suit and litigation expenses and reasonable attorney's fees and any further relief this Honorable Court deems just and proper.

## COUNT V
### Nusrath v. Integra Staffing
### Violation of the Illinois Wage Payment and Collection Act (820 ILCS 115/1 et seq.,)

89.     Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

90.     The Illinois Wage Payment and Collection Act (hereinafter "IWPCA") provides that no employer may pay an employee less than the state minimum wage.

91.     Section 2 of the IWPCA provides, in part, that:

> For all employees, other than separated employees, "wages" shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation.

820 ILCS 115/2.

92.     Section 2 of the IWPCA provides, defines "employer" in the following manner:

> As used in this Act, the term "employer" shall include any individual, partnership, association, corporation, limited liability company, business trust, employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business for work undertaken by employees under hire to a third party pursuant to a contract between the business or agency with the third party, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed.

14

820 ILCS 115/2.

93. Section 13 of the IWPCA provides, further expands the definition of "employer" in the following manner:

In addition to an individual who is deemed to be an employer pursuant to Section 2 of this Act, any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation.

820 ILCS 115/13.

94. Section 2 of the IWPCA provides, defines "employee" in the following manner:

As used in this Act, the term "employee" shall include any individual permitted to work by an employer in an occupation, but shall not include any individual:

(1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; and

(2) who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; and

(3) who is in an independently established trade, occupation, profession or business.

820 ILCS 115/2.

95. Section 3 of the IWPCA provides, in part, that "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 ILCS 115/3.

96. Section 4 of the IWPCA provides, in part, that:

All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned.

820 ILCS 115/4.

97. Section 5 of the IWPCA provides, in part, that:

Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

820 ILCS 115/5.

98. Section 11 of the IWPCA provides, in part, that:

Any employee aggrieved by a violation of this Act or any rule adopted under this Act may file suit in circuit court of Illinois, in the county where the alleged violation occurred or where any employee who is party to the action resides, without regard to exhaustion of any alternative administrative remedies provided in this Act.

820 ILCS 115/11.

99.   Section 14(a) of the IWPCA provides that:

Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.

820 ILCS 115/14(a).

100.   Defendant Integra qualified as an "employer" of Plaintiff as defined by the IWPCA.

101.   Plaintiff qualified as an "employee" of Defendant Integra as defined by the IWPCA.

102.   Defendant Integra violated the IWPCA in the following ways:

a.   Defendant failed to pay Plaintiff wages at the hourly pay rate set by Plaintiff's employment contract.

b.   Defendant failed to pay Plaintiff wages on a semi-monthly basis.

c.   Defendant failed to pay Plaintiff wages earned during a semi-monthly pay period no later than 13 days after the end of the pay period in which the wages were earned.

d.   Defendant failed to pay Plaintiff her final compensation no later than the next regularly scheduled payday.

103.   As the result of Defendant Integra's actions, Plaintiff has suffered damages in the form of unpaid wages, expenses incurred while commuting to work, and attorney fees and costs associated with filing this action.

104.   Under the terms of Plaintiff's employment contract, the total amount of unpaid wages owed to Plaintiff is not less than $9,933.22.

105.    As a direct result of the Defendant's actions, Plaintiff has been forced to retain counsel and file this action.

WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, INTEGRA STAFFING SERVICES INC., award Plaintiff actual damages, award Plaintiff statutory damages, award Plaintiff her costs of suit and litigation expenses and reasonable attorney's fees and any further relief this Honorable Court deems just and proper.

**COUNT VI**
**Nusrath v. Mohammed**
**Violation of the Illinois Wage Payment and Collection Act (820 ILCS 115/1 et seq.,)**

106.    Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

107.    The Illinois Wage Payment and Collection Act (hereinafter "IWPCA") provides that no employer may pay an employee less than the state minimum wage.

108.    Section 2 of the IWPCA provides, in part, that:

> For all employees, other than separated employees, "wages" shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation.

820 ILCS 115/2.

109.    Section 2 of the IWPCA provides, defines "employer" in the following manner:

> As used in this Act, the term "employer" shall include any individual, partnership, association, corporation, limited liability company, business trust, employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business for work undertaken by employees under hire to a third party pursuant to a contract between the business or agency with the third party, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed.

820 ILCS 115/2.

110.    Section 13 of the IWPCA provides, further expands the definition of "employer" in the following manner:

> In addition to an individual who is deemed to be an employer pursuant to Section 2 of this Act, any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation.

820 ILCS 115/13.

111.     Section 2 of the IWPCA provides, defines "employee" in the following manner:

> As used in this Act, the term "employee" shall include any individual permitted to work by an employer in an occupation, but shall not include any individual:
> (4)     who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; and
> (5)     who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; and
> (6)     who is in an independently established trade, occupation, profession or business.

820 ILCS 115/2.

112.     Section 3 of the IWPCA provides, in part, that "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 ILCS 115/3.

113.     Section 4 of the IWPCA provides, in part, that:

> All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned.

820 ILCS 115/4.

114.     Section 5 of the IWPCA provides, in part, that:

> Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

820 ILCS 115/5.

115.     Section 11 of the IWPCA provides, in part, that:

> Any employee aggrieved by a violation of this Act or any rule adopted under this Act may file suit in circuit court of Illinois, in the county where the alleged violation occurred or where any employee who is party to the action resides, without regard to exhaustion of any alternative administrative remedies provided in this Act.

820 ILCS 115/11.

116.     Section 14(a) of the IWPCA provides that:

Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.

820 ILCS 115/14(a).

117.    Defendant Mohammed qualified as an "employer" of Plaintiff as defined by the IWPCA.

118.    Plaintiff qualified as an "employee" of Defendant Integra as defined by the IWPCA.

119.    Defendant Mohammed violated the IWPCA in the following ways:

a.      Defendant failed to pay Plaintiff wages at the hourly pay rate set by Plaintiff's employment contract.

b.      Defendant failed to pay Plaintiff wages on a semi-monthly basis.

c.      Defendant failed to pay Plaintiff wages earned during a semi-monthly pay period no later than 13 days after the end of the pay period in which the wages were earned.

d.      Defendant failed to pay Plaintiff her final compensation no later than the next regularly scheduled payday.

120.    As the result of Defendant Mohammed's actions, Plaintiff has suffered damages in the form of unpaid wages, expenses incurred while commuting to work, and attorney fees and costs associated with filing this action.

121.    Under the terms of Plaintiff's employment contract, the total amount of unpaid wages owed to Plaintiff is not less than $9,933.22.

122.    As a direct result of the Defendant's actions, Plaintiff has been forced to retain counsel and file this action.

WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, JAWED MOHAMMED, award Plaintiff actual damages, award Plaintiff statutory damages, award Plaintiff her costs of suit and litigation

expenses and reasonable attorney's fees and any further relief this Honorable Court deems just and proper.

## COUNT VII
### Nusrath v. Expert Medical
### Violation of the Illinois Wage Payment and Collection Act (820 ILCS 115/1 et seq.,)

123.    Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

124.    The Illinois Wage Payment and Collection Act (hereinafter "IWPCA") provides that no employer may pay an employee less than the state minimum wage.

125.    Section 2 of the IWPCA provides, in part, that:

> For all employees, other than separated employees, "wages" shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation.

820 ILCS 115/2.

126.    Section 2 of the IWPCA provides, defines "employer" in the following manner:

> As used in this Act, the term "employer" shall include any individual, partnership, association, corporation, limited liability company, business trust, employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business for work undertaken by employees under hire to a third party pursuant to a contract between the business or agency with the third party, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed.

820 ILCS 115/2.

127.    Section 13 of the IWPCA provides, further expands the definition of "employer" in the following manner:

> In addition to an individual who is deemed to be an employer pursuant to Section 2 of this Act, any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation.

820 ILCS 115/13.

128.    Section 2 of the IWPCA provides, defines "employee" in the following manner:

> As used in this Act, the term "employee" shall include any individual permitted to work by an employer in an occupation, but shall not include any individual:
> (7)        who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; and

(8)     who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; and

(9)     who is in an independently established trade, occupation, profession or business.

820 ILCS 115/2.

129.    Section 3 of the IWPCA provides, in part, that "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 ILCS 115/3.

130.    Section 4 of the IWPCA provides, in part, that:

All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned.

820 ILCS 115/4.

131.    Section 5 of the IWPCA provides, in part, that:

Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

820 ILCS 115/5.

132.    Section 11 of the IWPCA provides, in part, that:

Any employee aggrieved by a violation of this Act or any rule adopted under this Act may file suit in circuit court of Illinois, in the county where the alleged violation occurred or where any employee who is party to the action resides, without regard to exhaustion of any alternative administrative remedies provided in this Act.

820 ILCS 115/11.

123.    Section 14(a) of the IWPCA provides that:

Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.

820 ILCS 115/14(a).

124.    Defendant Expert Medical qualified as an "employer" of Plaintiff as defined by the IWPCA.

125.    Plaintiff qualified as an "employee" of Defendant Integra as defined by the IWPCA.

126.    Defendant Expert Medical violated the IWPCA in the following ways:

a.      Defendant failed to pay Plaintiff wages at the hourly pay rate set by Plaintiff's employment contract.

b.      Defendant failed to pay Plaintiff wages on a semi-monthly basis.

c.      Defendant failed to pay Plaintiff wages earned during a semi-monthly pay period no later than 13 days after the end of the pay period in which the wages were earned.

d.      Defendant failed to pay Plaintiff her final compensation no later than the next regularly scheduled payday.

127.    As the result of Defendant Expert Medical's actions, Plaintiff has suffered damages in the form of unpaid wages, expenses incurred while commuting to work, and attorney fees and costs associated with filing this action.

128.    Under the terms of Plaintiff's employment contract, the total amount of unpaid wages owed to Plaintiff is not less than $9,933.22.

129.    As a direct result of the Defendant's actions, Plaintiff has been forced to retain counsel and file this action.

WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, EXPERT MEDICAL GROUP S.C., award Plaintiff actual damages, award Plaintiff statutory damages, award Plaintiff her costs of suit and litigation expenses and reasonable attorney's fees and any further relief this Honorable Court deems just and proper.

## COUNT VIII
### Nusrath v. Khan
### Violation of the Illinois Wage Payment and Collection Act (820 ILCS 115/1 et seq.,)

133.    Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

134.    The Illinois Wage Payment and Collection Act (hereinafter "IWPCA") provides that no

employer may pay an employee less than the state minimum wage.

135.    Section 2 of the IWPCA provides, in part, that:

> For all employees, other than separated employees, "wages" shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation.

820 ILCS 115/2.

136.    Section 2 of the IWPCA provides, defines "employer" in the following manner:

> As used in this Act, the term "employer" shall include any individual, partnership, association, corporation, limited liability company, business trust, employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business for work undertaken by employees under hire to a third party pursuant to a contract between the business or agency with the third party, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed.

820 ILCS 115/2.

137.    Section 13 of the IWPCA provides, further expands the definition of "employer" in the

following manner:

> In addition to an individual who is deemed to be an employer pursuant to Section 2 of this Act, any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation.

820 ILCS 115/13.

138.    Section 2 of the IWPCA provides, defines "employee" in the following manner:

> As used in this Act, the term "employee" shall include any individual permitted to work by an employer in an occupation, but shall not include any individual:
> (10)    who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; and
> (11)    who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; and
> (12)    who is in an independently established trade, occupation, profession or business.

820 ILCS 115/2.

139.     Section 3 of the IWPCA provides, in part, that "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 ILCS 115/3.

140.     Section 4 of the IWPCA provides, in part, that:

> All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned.

820 ILCS 115/4.

141.     Section 5 of the IWPCA provides, in part, that:

> Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

820 ILCS 115/5.

142.     Section 11 of the IWPCA provides, in part, that:

> Any employee aggrieved by a violation of this Act or any rule adopted under this Act may file suit in circuit court of Illinois, in the county where the alleged violation occurred or where any employee who is party to the action resides, without regard to exhaustion of any alternative administrative remedies provided in this Act.

820 ILCS 115/11.

143.     Section 14(a) of the IWPCA provides that:

> Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.

820 ILCS 115/14(a).

144.     Defendant Khan qualified as an "employer" of Plaintiff as defined by the IWPCA.

145.     Plaintiff qualified as an "employee" of Defendant Integra as defined by the IWPCA.

146.     Defendant Khan violated the IWPCA in the following ways:

a. Defendant failed to pay Plaintiff wages at the hourly pay rate set by Plaintiff's employment contract.

b. Defendant failed to pay Plaintiff wages on a semi-monthly basis.

c. Defendant failed to pay Plaintiff wages earned during a semi-monthly pay period no later than 13 days after the end of the pay period in which the wages were earned.

d. Defendant failed to pay Plaintiff her final compensation no later than the next regularly scheduled payday.

147. As the result of Defendant Khan's actions, Plaintiff has suffered damages in the form of unpaid wages, expenses incurred while commuting to work, and attorney fees and costs associated with filing this action.

148. Under the terms of Plaintiff's employment contract, the total amount of unpaid wages owed to Plaintiff is not less than $9,933.22.

149. As a direct result of the Defendant's actions, Plaintiff has been forced to retain counsel and file this action.

WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, AKBER KHAN, award Plaintiff actual damages, award Plaintiff statutory damages, award Plaintiff her costs of suit and litigation expenses and reasonable attorney's fees and any further relief this Honorable Court deems just and proper.

## COUNT IX
### Nusrath v. Integra
### Violation of the Illinois Minimum Wage Law (820 ILCS 105/1 et seq.,)

150. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

151. The Illinois Minimum Wage Law (hereinafter "IMWL") provides that that no employer may pay an employee less than the state minimum wage.

152.    Section 3 of the IMWL defines "wages" as the "compensation due to an employee by reason of his employment." 820 ILCS 105/3(b).

153.    Section 3 of the IMWL defines an "employer" to include the following:

> [A]ny individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.

820 ILCS 105/3(c).

154.    Section 3 of the IMWL defines "employee" as "any individual permitted to work by an employer in an occupation." 820 ILCS 105/3(d).

155.    Under Section 4 of the IMWL, every employer is required to "pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $8.25 per hour." 820 ILCS 105/4(a)(1).

156.    Section 4a of the IMWL provides that:

> Except as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed.

820 ILCS 105/4a(1).

157.    Section 12 of the IMWL provides, in part, that:

> If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

820 ILCS 105/12(a).

158.    Defendant Integra qualified as an "employer" of Plaintiff as defined by the IMWL.

159.    Plaintiff qualified as an "employee" of Defendant Integra as defined by the IMWL.

160.    Defendant Integra violated the IMWL in the following ways:

a.      Defendant failed to compensate Plaintiff at the hourly pay rate set by Plaintiff's employment contract.

b.      Defendant failed to compensate Plaintiff at an hourly pay rate at or above the state minimum wage.

c.      Defendant failed to compensate Plaintiff at an hourly pay rate not less than 1 1/2 times the regular rate at which she was employed for hours worked in excess of 40 hours per week.

161.    As the result of Defendant Integra's actions, Plaintiff has suffered damages in the form of unpaid wages, expenses incurred while commuting to work, and attorney fees and costs associated with filing this action.

162.    As a direct result of the Defendant's actions, Plaintiff has been forced to retain counsel and file this action.

WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, INTEGRA STAFFING SERVICES, INC., award Plaintiff actual damages, award Plaintiff statutory damages, award Plaintiff her costs of suit and litigation expenses and reasonable attorney's fees and any further relief this Honorable Court deems reasonable and just.

**COUNT X**
**Nusrath v. Mohammed**
**Violation of the Illinois Minimum Wage Law (820 ILCS 105/1 et seq.,)**

163.    Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

164.    The Illinois Minimum Wage Law (hereinafter "IMWL") provides that that no employer may pay an employee less than the state minimum wage.

27

165.    Section 3 of the IMWL defines "wages" as the "compensation due to an employee by reason of his employment." 820 ILCS 105/3(b).

166.    Section 3 of the IMWL defines an "employer" to include the following:

> [A]ny individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.

820 ILCS 105/3(c).

167.    Section 3 of the IMWL defines "employee" as "any individual permitted to work by an employer in an occupation." 820 ILCS 105/3(d).

168.    Under Section 4 of the IMWL, every employer is required to "pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $8.25 per hour." 820 ILCS 105/4(a)(1).

169.    Section 4a of the IMWL provides that:

> Except as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed.

820 ILCS 105/4a(1).

170.    Section 12 of the IMWL provides, in part, that:

> If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

820 ILCS 105/12(a).

171.    Defendant Mohammed qualified as an "employer" of Plaintiff as defined by the IMWL.

172.    Plaintiff qualified as an "employee" of Defendant Mohammed as defined by the IMWL.

173.    Defendant Mohammed violated the IMWL in the following ways:

a.     Defendant failed to compensate Plaintiff at the hourly pay rate set by Plaintiff's employment contract.

b.     Defendant failed to compensate Plaintiff at an hourly pay rate at or above the state minimum wage.

c.     Defendant failed to compensate Plaintiff at an hourly pay rate not less than 1 1/2 times the regular rate at which she was employed for hours worked in excess of 40 hours per week.

174.    As the result of Defendant Mohammed's actions, Plaintiff has suffered damages in the form of unpaid wages, expenses incurred while commuting to work, and attorney fees and costs associated with filing this action.

175.    As a direct result of the Defendant's actions, Plaintiff has been forced to retain counsel and file this action.

WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, JAWED MOHAMMED, award Plaintiff actual damages, award Plaintiff statutory damages, award Plaintiff her costs of suit and litigation expenses and reasonable attorney's fees and any further relief this Honorable Court deems reasonable and just.

### COUNT XI
### Nusrath v. Expert Medical
### Violation of the Illinois Minimum Wage Law (820 ILCS 105/1 et seq.,)

176.    Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

177.    The Illinois Minimum Wage Law (hereinafter "IMWL") provides that that no employer may pay an employee less than the state minimum wage.

178. Section 3 of the IMWL defines "wages" as the "compensation due to an employee by reason of his employment." 820 ILCS 105/3(b).

179. Section 3 of the IMWL defines an "employer" to include the following:

> [A]ny individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.

820 ILCS 105/3(c).

180. Section 3 of the IMWL defines "employee" as "any individual permitted to work by an employer in an occupation." 820 ILCS 105/3(d).

181. Under Section 4 of the IMWL, every employer is required to "pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $8.25 per hour." 820 ILCS 105/4(a)(1).

182. Section 4a of the IMWL provides that:

> Except as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed.

820 ILCS 105/4a(1).

183. Section 12 of the IMWL provides, in part, that:

> If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

820 ILCS 105/12(a).

184. Defendant Expert Medical qualified as an "employer" of Plaintiff as defined by the IMWL.

185. Plaintiff qualified as an "employee" of Defendant Expert Medical as defined by the IMWL.

186.    Defendant Expert violated the IMWL in the following ways:

a.      Defendant failed to compensate Plaintiff at the hourly pay rate set by Plaintiff's employment contract.

b.      Defendant failed to compensate Plaintiff at an hourly pay rate at or above the state minimum wage.

c.      Defendant failed to compensate Plaintiff at an hourly pay rate not less than 1 1/2 times the regular rate at which she was employed for hours worked in excess of 40 hours per week.

187.    As the result of Defendant Expert Medical's actions, Plaintiff has suffered damages in the form of unpaid wages, expenses incurred while commuting to work, and attorney fees and costs associated with filing this action.

188.    As a direct result of the Defendant's actions, Plaintiff has been forced to retain counsel and file this action.

WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, EXPERT MEDICAL GROUP, S.C., award Plaintiff actual damages, award Plaintiff statutory damages, award Plaintiff her costs of suit and litigation expenses and reasonable attorney's fees and any further relief this Honorable Court deems reasonable and just.

**COUNT XII**
**Nusrath v. Khan**
**Violation of the Illinois Minimum Wage Law (820 ILCS 105/1 et seq.,)**

189.    Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

190.    The Illinois Minimum Wage Law (hereinafter "IMWL") provides that that no employer may pay an employee less than the state minimum wage.

191. Section 3 of the IMWL defines "wages" as the "compensation due to an employee by reason of his employment." 820 ILCS 105/3(b).

192. Section 3 of the IMWL defines an "employer" to include the following:

> [A]ny individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.

820 ILCS 105/3(c).

193. Section 3 of the IMWL defines "employee" as "any individual permitted to work by an employer in an occupation." 820 ILCS 105/3(d).

194. Under Section 4 of the IMWL, every employer is required to "pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $8.25 per hour." 820 ILCS 105/4(a)(1).

195. Section 4a of the IMWL provides that:

> Except as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed.

820 ILCS 105/4a(1).

196. Section 12 of the IMWL provides, in part, that:

> If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

820 ILCS 105/12(a).

197. Defendant Khan qualified as an "employer" of Plaintiff as defined by the IMWL.

198. Plaintiff qualified as an "employee" of Defendant Khan as defined by the IMWL.

199. Defendant Khan violated the IMWL in the following ways:

a.      Defendant failed to compensate Plaintiff at the hourly pay rate set by Plaintiff's employment contract.

b.      Defendant failed to compensate Plaintiff at an hourly pay rate at or above the state minimum wage.

c.      Defendant failed to compensate Plaintiff at an hourly pay rate not less than 1 1/2 times the regular rate at which she was employed for hours worked in excess of 40 hours per week.

200.    As the result of Defendant Khan's actions, Plaintiff has suffered damages in the form of unpaid wages, expenses incurred while commuting to work, and attorney fees and costs associated with filing this action.

201.    As a direct result of the Defendant's actions, Plaintiff has been forced to retain counsel and file this action.

WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, AKBER KHAN, award Plaintiff actual damages, award Plaintiff statutory damages, award Plaintiff her costs of suit and litigation expenses and reasonable attorney's fees and any further relief this Honorable Court deems reasonable and just.

**COUNT XIII**
**Nusrath v. Integra**
**Breach of Contract**

202.    Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

203.    The employment agreement between Plaintiff and Defendant Integra was valid and enforceable contract.

204.    Plaintiff fulfilled all her obligations under the terms of the employment agreement.

205.     Under the terms of the Plaintiff's employment agreement Defendant Integra had a duty to pay Plaintiff at an hourly wage of $22.00.

206.     Defendant Integra breached the terms of Plaintiff's employment agreement when it failed to pay Plaintiff the agreed hourly wage.

207.     Under the terms of the Plaintiff's employment agreement Defendant Integra had a duty to pay Plaintiff's wages bi-monthly.

208.     Defendant Integra breached the terms of the Plaintiff's employment agreement when it failed to pay Plaintiff's wages bi-monthly.

209.     Under the terms of the Plaintiff's employment agreement Defendant Integra had a duty to compensate Plaintiff for her work-related travel expenses.

210.     Defendant Integra breached the terms of Plaintiff's employment agreement when Integra failed to compensate Plaintiff for her work-related travel expenses

211.     Under the terms of the Plaintiff's employment agreement Defendant Integra had a duty to provide Plaintiff with health insurance benefits.

212.     Defendant Integra breached the terms of Plaintiff's employment agreement when Integra failed to provide Plaintiff with health insurance benefits.

213.     As a direct result of the Defendant's breach of the employment agreement, Plaintiff has suffered damages in the form of unpaid wages, uncompensated travel expenses, and unpaid health insurance benefits.

214.     As a direct result of the Defendant's breach of the employment agreement, Plaintiff has been forced to retain counsel and file this action.

WHEREFORE, Plaintiff, NUSRATH IQBAL, prays this Honorable Court to enter judgment in her favor and against Defendant, INTEGRA STAFFING SERVICES INC., award Plaintiff her actual damages and award Plaintiff her costs of suit and litigation expenses and reasonable attorney's fees and any further relief this Honorable Court deems reasonable and just.

Respectfully submitted,

/s/ David R.Sweis_____ _____

**SWEIS LAW FIRM, P.C.**
**Firm No.: 6293914**
**70 E Lake Street, Suite 1220**
**Chicago, IL 60601**
**PH. 630-575-8505**
**FAX. 312-268-7284**